Lappe, Appellant, v. H. B. Rea Motor Car Co.

Submitted April 30, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*Frank C. Link,* for appellant.

*Joseph A. Langfitt,* and with him *Joseph A. Langfitt, Jr.,* for appellee.

OPINION BY CUNNINGHAM, J., July 8, 1931:

Martin Lappe, appellant herein, was plaintiff in an action of assumpsit instituted in the county court of

Allegheny County in January, 1930, in which he sought to recover from H. B. Rea, trading as Rea Motor Car Company, the sum of $327.75, alleged to have been paid on account of the price of a used Studebaker automobile purchased June 12, 1928.

Lappe's ground of action was that Rea had agreed to sell him a "Studebaker automobile coach, Model 1926," for $575; that he paid $225 hand money and three monthly payments of $34.25 each, making a total of $327.75, and then discovered that the car was a 1925 model; that he immediately surrendered to Rea the car "which had been falsely represented to him" and demanded the return of the money paid on account; and that Rea accepted the car but refused to give him a 1926 model or return the money. The trial in the county court resulted in a judgment in Lappe's favor for $327.75. Upon refusal of the county court to open it and grant a new trial, Rea petitioned the common pleas for the allowance of an appeal and we now have this appeal by Lappe from the order of the common pleas dated June 16, 1930, allowing an appeal as prayed for.

The appeal was submitted to us without oral argument and the printed briefs seem to be rather incomplete; although the error charged against the county court was the admission of incompetent evidence, neither side has printed the testimony, nor is it found in the record as certified.

The ground upon which an appeal was sought in the common pleas was "on the theory that the [county] court erred in permitting the plaintiff to testify to [an] oral agreement supplementary to the written agreement of purchase, although the written agreement contained the following clause—'It is understood that there are no promises or agreements of any kind either oral or written not expressly specified herein.' "

The common pleas in its opinion said: "The only

question involved is whether the county court erred in admitting oral testimony to the effect that the Studebaker coach which defendant sold to plaintiff was agreed to be a 1926 model, there being nothing in the written memorandum of sale specifying what the model of the coach was. Defendant's position is that the oral testimony attempts to vary the written contract between the parties, and plaintiff's position is that it was introduced to explain ambiguous terms of the contract."

We have already summarized plaintiff's statement and when defendant's answer is examined it is difficult to see how the question considered by the court below and discussed in the briefs could have been material to the issue framed and tried in the county court. It is clear from the exhibit attached to the answer that Lappe signed a printed order (intended for general use) for the delivery of the car, but the order as printed does not show any omission or blank, as stated by counsel, with respect to the model of the car ordered; the only blank in connection with the word "model" is plainly intended for the insertion of the description of any car "turned in" by the purchaser "for credit." The order describes the car purchased as "one Studebaker coach (Simon) as described below with standard equipment as given in catalog;" there is no further description.

It is apparent that the judge who wrote the opinion for the common pleas was under the impression that the issue in the county court was whether Rea had agreed to sell Lappe a 1926 model and that at the trial Rea denied he had specified any particular model and the county court permitted Lappe to alter, or at least supplement, the written contract by oral testimony to the effect that a 1926 model had been specified. But an inspection of Rea's answer in the county court demonstrates that there was no issue between the par-

ties on this question. Lappe in his statement avers that Rea agreed to sell him a 1926 model but delivered a 1925. Rea in his answer admits that he agreed to deliver a 1926 model and repeatedly avers "that the car delivered to the plaintiff under said purchase was a Studebaker coach model 1926;" he flatly denies that it was a 1925 model. The other issues of fact raised by the answer were that Rea asserted the only money paid him by Lappe was $230 as hand money and not a total of $327.75 as averred by Lappe and that he had never accepted a surrender of the car. The only dispute in the county court having any relation to the model of the car was whether the car delivered was in fact a 1926 model, as asserted by Rea and denied by Lappe; that question of fact seems to have been decided against Rea. No question as to the competency or sufficiency of the evidence on that issue was raised in the petition for an appeal. We think the common pleas erred in allowing an appeal from the judgment of the county court and accordingly sustain the first assignment of error.

The order granting the appeal is reversed at the costs of the appellee.